Award confirmed.

**UNITED STATES ex rel. Blayne BROOKS, Petitioner,**

**v.**

**J. E. LaVALLEE, Respondent.**

**No. 74 CIV 1812.**

United States District Court,
S. D. New York.

Aug. 12, 1974.

Blayne Brooks, pro se.

Louis J. Lefkowitz, Atty. Gen., by David L. Birch, Deputy Asst. Atty. Gen., New York City, for respondent.

*Memorandum Opinion and Order*

MOTLEY, District Judge.

Petitioner, Blayne Brooks, is confined in the Clinton Correctional Facility. He was convicted in Supreme Court,. New York County, of robbery in the second degree (Class C felony) upon his plea of guilty and was sentenced on February 27, 1973 to an indeterminate term of not less than four years and not more than twelve years. The judgment was affirmed by the Appellate Division and leave to appeal to the New York Court of Appeals has been denied.

Petitioner now seeks a writ of habeas corpus on the grounds that the state trial court, in violation of the Due Process Clause, arbitrarily declined to sentence him as a youthful offender, N. Y. Criminal Procedure Law, § 720.20 (McKinney's Consol.Laws, c. 11–A, 1971), and that his guilty plea was induced by

a promise that he would be sentenced as a Class E felon.

The first claim is denied. Criminal Procedure Law, § 720.20(1)(a) affords the sentencing court discretion to grant a defendant youthful offender status "[i]f in the opinion of the court the interest of justice would be served."

Until the state legislatures and Congress see fit to enact mandatory sentences for all crimes, some discretion in the sentencing process will be inevitable. " . . . [T]he Due Process Clause is not violated by permitting a trial judge to exercise his discretion, albeit without specific standards to guide him, to provide hopefully rehabilitative . . . treatment to felons he finds likely to benefit by this type of sentence and not to others." Smith v. Follette, 445 F.2d 955, 960–61 (2d Cir. 1971). Nor can this court conclude that the state court acted arbitrarily in denying this petitioner youthful offender treatment. The record shows that the sentencing court considered Mr. Brooks' probation report and afforded the petitioner, his lawyer, and his mother an opportunity to be heard before sentence was imposed.

Petitioner's second claim, that he should be sentenced as a Class E felon, must be dismissed without prejudice for failure to exhaust state remedies, 28 U.S.C. § 2254(b), since the state courts have not been given a fair opportunity to decide the claim. See Brief for Defendant-Appellant, Appellate Division, First Department.

Petitioner's claim that he was entitled to be sentenced as a youthful offender is denied. His claim that he was promised a more lenient sentence is dismissed without prejudice for failure to exhaust state remedies.

So ordered.